IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT COTNER, #93780, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:13-CV-2668-L-BK |
| | § | |
| STATE OF OKLAHOMA, and | § | |
| WARDEN MCCOLLUM, | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, an Oklahoma *pro se* state prisoner, filed a *Prerogative Writ to Accept Venue; Writ of Course;28 U.S.C. § 2241; Writ of Privilege - Coram Nobis; and Writ of Ad-testificandum*. For the reasons that follow, it is recommended that this action be summarily dismissed.

**I. BACKGROUND**

Under the most liberal construction, Petitioner appears to complain about the unavailability of federal habeas relief in Oklahoma. (Doc. 3 at 1). He claims that the "Okla-Federal Judges have committed an act of sedation, an act of rebellion or war upon the constitution," which "gives this court jurisdiction over the subject matter of this pleading, the same as if it were in 1888, and Okla. was still the Indian Territories." *Id.* Petitioner states, "[w]hen judges in one judicial dist. refuse to hear habeas corpus, . . . Petitioner has a constitutional right for a judge in another judicial dist. to hear it." *Id.*[1]

---

[1] Contemporaneous with this action, Petitioner filed a similar petition for writ of habeas corpus in the United States District Court for the Eastern District of Arkansas. *Cotner v. Oklahoma, et al.*, 4:2013-CV-00404 (E.D. Ark. Jul. 11, 2013) (pending screening).

1

## II. ANALYSIS

Petitioner, a serial litigator in Oklahoma and other courts, has been sanctioned for filing numerous frivolous and vexatious suits (over 60 civil and habeas cases reported on the U.S. Party Case Index as of the filing of this case). *See Cotner v. Beck*, No. 07-076, 2008 WL 376351, *1-2 (E.D. Okla. Feb. 11, 2008) (dismissing habeas petition because Petitioner did not comply with prior sanction order and filing requirements); *see also Cotner v. F.B.I.*, No. A. 09-4229, 2009 WL 3335063, *1 (D.N.J. Oct. 15, 2009) (dismissing civil case as barred by the three-strike provision of 28 U.S.C. § 1915(g)).  However, a random sampling of his numerous habeas petitions indicates they were dismissed on procedural grounds (successiveness and timeliness) and not based on the prior sanction order.

Nevertheless, the Court lacks jurisdiction to consider this petition. Petitioner is confined in the State of Oklahoma, and any section 2241 habeas action must be brought in the district in which he is confined.  *See Lee v. Wetzel*, 244 F.3d 370 (5th Cir. 2001) (holding court lacked jurisdiction over a section 2241 petition because the petitioner was not incarcerated within that district, and remanding the case with instructions to dismiss without prejudice).  Also, insofar as Petitioner seeks to file a petition for writ of *coram nobis*, his writ must be filed with the state convicting court.  *See Blake v. Florida*, 395 F.2d 758, 759 (5th Cir. 1968); *Brinkley v. State of Texas*, 239 F.2d 166, 167 and n. 1 (5th Cir. 1956).  A writ of *coram nobis* is not available in federal court to attack state criminal judgments." *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) (citations omitted).

---

Although Petitioner did not submit a motion to proceed *in forma pauperis* or pay the filing fee, it is more efficient to dismiss the petition than to require compliance with this Court's filing requirements.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that this case be summarily **DISMISSED** without prejudice for want of jurisdiction.

SIGNED July 15, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE